UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

DAVID WEISS,                )
                            )
          Petitioner,       )
                            )
v.                          )     No. 1:10-cv-817-LJM-DML
                            )
ALAN FINNAN,                )
                            )
          Respondent.       )

**Entry Discussing Petition for Writ of Habeas
Corpus and Denying Certificate of Appealability**

For the reasons explained in this Entry, the petition of David Weiss for a writ of habeas corpus must be **denied** and the action dismissed without prejudice. In addition, the court finds that a certificate of appealability should not issue.

**I.**

**A.**

Weiss was convicted in an Indiana state court of dealing in methamphetamine, unlawful possession of a firearm by a serious violent felon. The trial court accepted Weiss' plea of guilty to these charges and to an habitual offender admission on January 10, 2005, and sentenced him to twenty years for possession of methamphetamine with intent to deliver, enhanced by twenty years based on the habitual offender admission, and twenty years for possession of a firearm by a serious violent felon. The trial court ordered the sentences to run concurrently, resulting in an aggregate sentence of forty years.

Weiss' sentence was affirmed on direct appeal in *Weiss v. State,* 848 N.E.2d 1070 (Ind. 2006). The trial court's denial of Weiss' petition for post-conviction relief was affirmed on appeal in *Weiss v. State,* 903 N.E.2d 557 (Ind.Ct.App. Apr. 3, 2009). The Indiana Supreme Court denied transfer on June 11, 2009. Weiss now challenges his conviction through his petition for writ of habeas corpus.

**B.**

In an attempt to "curb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law," Congress, as part of the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), revised several of the statutes governing federal habeas relief. *Williams v. Taylor,* 529 U.S. 362, 404 (2000). One such revision amended 28 U.S.C. § 2244 to include a one-year statute of limitations for state prisoners seeking federal habeas relief.

**C.**

The facts pertinent to the computation of the statute of limitations are the following:

- Weiss' direct appeal was decided by the Indiana Supreme Court on June 14, 2006.

- The last day on which Weiss could have filed a timely petition for writ of certiorari was September 12, 2006.

- On August 11, 2006, Weiss filed his petition for post-conviction review in the trial court. That post-conviction action remained pending in one form or another until June 11, 2009.

- Weiss' habeas petition was filed with the clerk on June 25, 2010.

**D.**

The legal significance of the foregoing facts is the following:

- Weiss' conviction was "final" for purposes of the AEDPA on September 12, 2006. *See Griffith v. Kentucky,* 479 U.S. 314, 321 & n.6 (1987) (a conviction is "final" when the time for seeking direct review from the judgment affirming the conviction has expired); *Powell v. Davis,* 415 F.3d 722, 726 (7th Cir. 2005).

- The running of the statute of limitations was tolled while Weiss' petition for post-conviction relief was pending, meaning until June 11, 2009.

- The statute of limitations established by 28 U.S.C. 2244(d) began to run on June 12, 2009.

- The statute of limitations established by 28 U.S.C. 2244(d) expired one year later, on June 12, 2010.

- The AEDPA's statute of limitations expired 13 days before Weiss filed his petition for writ of habeas corpus.

The statute of limitations applicable to federal habeas corpus actions "was Congress' primary vehicle for streamlining the habeas review process and lending finality to state convictions." *Walker v. Artuz,* 208 F.3d 357, 361 (2d Cir. 2000). Weiss' habeas petition was filed after the statute of limitations expired. Weiss has not replied to the respondent's argument and thus has not attempted to show that his habeas filing was timely.

**E.**

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). In this case, Weiss has encountered the hurdle produced by the 1-year statute of limitations. He has not shown the

existence of circumstances permitting him to overcome this hurdle, and hence is not entitled to the relief he seeks. His petition for a writ of habeas corpus is therefore **dismissed as untimely.** Judgment consistent with this Entry shall now issue.

## II.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the court finds that Weiss has failed to show (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 01/28/2011

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana